SVK

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Allen Chambers, ) | No. CV 07-1020-PHX-DGC (LOA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph Arpaio, et al., ) | |
| Defendants. ) | |

Plaintiff Gregory Allen Chambers, who is confined in the Maricopa County Durango Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. By Order dated May 30, 2007, the Court granted the Application to Proceed and dismissed the Complaint with leave to amend. Plaintiff has filed a First Amended Complaint. The Court will order Defendant Arpaio to answer Count III of the First Amended Complaint and will dismiss the remaining claims and Defendant without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

**TERMPSREF**

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**II.     First Amended Complaint**

Plaintiff names the Maricopa County Sheriff's Office and Joseph Arpaio, Sheriff, as Defendants. The First Amended Complaint contains three counts challenging conditions of confinement in the Jail. In Count I, Plaintiff alleges that his access to religion is restricted because only three detainees are permitted to attend religious services each week, and with 70 people in his pod, all but the fastest are "out of luck." In Count II, Plaintiff alleges that he has asked for a change of diet (one that won't cause his stomach to bleed), that the medical staff is aware of his ailment, and that he is on a three-month waiting list. In Count III, Plaintiff alleges that for three months he has been housed in a condemned building where asbestos tiles fall on his head, that he is breathing asbestos, and that Defendants are aware of the dangers of asbestos. He alleges that breathing asbestos is causing his sinuses to inflame and his nose to bleed. For relief, Plaintiff seeks damages.

**III.    Improper Defendant—Maricopa County Sheriff's Office**

The Maricopa County Sheriff's Office is not a proper Defendant. In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties and not a "person" amenable to suit pursuant to § 1983. Therefore, the Maricopa County Sheriff's Office will be dismissed.

**IV.    Failure to State a Claim**

    **A.     Count I**

Prisoners retain the First Amendment right directing that no law shall prohibit the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Henderson v. Terhune, 379 F. 3d 709 (9th Cir. 2004). To state a First Amendment free exercise of religion claim, Plaintiff must allege that Defendant burdened the practice of Plaintiff's religion by preventing him from engaging in conduct mandated by his faith without any justification

reasonably related to legitimate penological interests. <u>Freeman v. Arpaio</u>, 125 F.3d 732, 736 (9th Cir. 1997).  Here, although Plaintiff alleges that Defendant Arpaio is aware of overcrowding, he does not claim that a policy of limiting the number of inmates who attend services either prevents Plaintiff from engaging in conduct mandated by his faith or is without justification related to legitimate penological interests.  Count I fails to state a claim and will be dismissed.

### B. Count II

As Plaintiff was previously advised, to state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976).  Plaintiff does not connect the harm in Count II to Defendant Arpaio.  Plaintiff states only that the "medical staff" is aware of his ailment. This does not state a claim against Defendant Arpaio, and the Court will dismiss Count II.

## V. Claims for Which an Answer Will be Required

Plaintiff has adequately stated a claim against Defendant Arpaio in Count III, and the Court will direct Defendant to answer that count.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Counts I and II and Defendant Maricopa County Sheriff's Office are **dismissed** without prejudice.

(2)     Defendant Arpaio must answer Count III.

(3)     The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. #5), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(4)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6)     The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **If Defendant agrees to waive service of the Summons and First Amended Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant Arpaio must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

///

///

///

1      (10)   This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to
2 Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.
3      DATED this 5th day of July, 2007.

*David G. Campbell*
David G. Campbell
United States District Judge